IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.                                                                              Criminal Action No. 4:21-cr-69

MYEISHA LYNETTE RICKS,

    Defendant.

## MEMORANDUM ORDER

    This matter is before the Court on Defendant Myeisha Lynette Ricks' *pro se* Motion for Recommendation Regarding Residential Reentry Center and/or Home Confinement Placement ("Recommendation Motion"), ECF No. 253, and Motion for Compassionate Release, ECF No. 255. The Government responded to Ricks' Motion for Compassionate Release. Resp., ECF No. 286. For the reasons stated below, Ricks' Recommendation Motion, ECF No. 253, is DENIED as moot and her Compassionate Release Motion, ECF No. 255, is DENIED.

### I.    BACKGROUND

    On July 6, 2022, Ricks pled guilty to Conspiracy to Commit Fraud in Connection with Major Disaster Benefits, Mail Fraud, and Aggravated Identity Fraud. ECF No. 99. This Court adjudged Ricks guilty on November 8, 2022, and sentenced her to fifty-one months incarceration, followed by three years of supervised release. J., ECF No. 159. The Presentence Report ("PSR") prepared for Ricks' sentencing, ECF No. 163, details a conspiracy to file fraudulent unemployment claims resulting in an actual loss to the Virgina Employment Commission of approximately $83,811.78. PSR ¶¶ 10–19. Ricks is currently serving her sentence at a Residential Reentry Center,

with a projected release date of September 16, 2025. *See Fed. Inmate Locator*, Bureau of Prisons, https://perma.cc/XJ9N-HZU3 (last visited June 27, 2025).[1]

## II. LEGAL STANDARD

A defendant requesting compassionate release under § 3582(c)(1)(A) must demonstrate that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Davis*, 99 F.4th 647, 653–54 (4th Cir. 2024) (describing First Step Act amendments to § 3582(c)). In determining whether the defendant has established an extraordinary and compelling reason for compassionate release, the Court considers the policy statement issued by the Sentencing Commission at § 1B1.13 of the Sentencing Guidelines. *See Davis*, 99 F.4th at 653–54 (citing *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Kibble*, 992 F.3d 326, 330–32 (4th Cir. 2021)). If the Court finds an extraordinary and compelling reason for compassionate release, the Court then considers whether compassionate release or a reduction in sentence is in accordance with the § 3553(a) sentencing factors. *United States v. Brown*, No. 2:90-cr-149-3, 2024 WL 1638621, at *2 (E.D. Va. Apr. 16, 2024) (describing the typical approach to compassionate release motions among courts in this district).

---

[1] Ricks' Recommendation Motion, ECF No. 253, asks that this Court recommend to the Bureau of Prisons that she be placed in a Residential Reentry Center. Because Ricks has been afforded that relief already, the Court will deny the Recommendation Motion as moot.

### III. ANALYSIS

**A. Extraordinary and Compelling Reason**

In her Motion for Compassionate Release,[2] Ricks argues that she qualifies for compassionate release because of her need to be a caregiver for her minor children. Compassionate Release Mot. at 1–2. The Sentencing Commission has indicated that a defendant's caregiving responsibilities may be an extraordinary and compelling reason when the defendant is the only available caregiver for an immediate minor family member. *See* U.S.S.G. § 1B1.13(b)(3)(A)–(D). New caregiving responsibilities are most likely to be an extraordinary and compelling reason when they result from the death or incapacitation of another family member. *See id.*

Here, Ricks states that her minor daughter "was held at Newport News Juvenile Detention Center" and that the judge "required that she be in the custody of a biological relative." Compassionate Release Mot. at 1–2. Prior to this detention, Ricks' daughter was living with a caretaker who was not a biological relative. *Id.* According to a letter submitted in support of Ricks' Motion, Ricks' father is unable to provide care for his granddaughter "physically or financially" as he already cares for his dependent brother. ECF No. 256. Both Ricks and her father represent that Ricks is the only biological relative able to care for her minor daughter. *Id.*; Compassionate Release Mot. at 1–2. The Court is sympathetic to Ricks' child's situation. However, on this record, Ricks fails to demonstrate an extraordinary and compelling reason warranting release.

While Ricks' father's letter avers that he is "unable to physically or financially take custody" of his granddaughter, neither he nor Ricks provide any specifics regarding this inability. ECF No. 256. Additionally, Ricks' PSR notes that she has a sister in Newport News who "was

---

[2] A prisoner is required to exhaust her administrative remedies prior to petitioning a court for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Here, the parties agree that Ricks has properly exhausted her administrative remedies. Resp. at 4 n.1; Compassionate Release Mot. at 5.

like a mother to her growing up." PSR ¶ 71. Yet, Ricks fails to explain why this sister is unavailable as a caregiver and thus fails to meet her burden to demonstrate that she is her daughter's only possible caregiver. *See United States v. Snyder*, No. 7:14-cr-27, 2023 WL 3467221, at *3 (W.D. Va. May 15, 2023). Accordingly, the Court finds that Ricks has not articulated an extraordinary and compelling reason.

### B. § 3553(a) Sentencing Factors

The Court also finds that the § 3553(a) sentencing factors do not support compassionate release. Pursuant to the sentencing factors, the Court considers:

> (1) [the] offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

*Rita v. United* States, 551 U.S. 338, 347–48 (2007); 18 U.S.C. § 3553(a). Having considered the sentencing factors, the Court finds that the need for the sentence to reflect just punishment and the need for deterrence counsel against compassionate release. Ricks has served the majority of her sentence, and the record reflects that she has participated in extensive programming while incarcerated which will facilitate her successful reentry. Compassionate Release Mot. at 19–28. However, Ricks' offense was serious, involving a loss of $83,811.78 and the use of personal identifying information of multiple individuals. PSR ¶¶ 11–19. Ricks was the leader of this conspiracy and received one of the longest sentences. PSR ¶ 17; *compare* Ricks J. (51 months), *with* ECF No. 194 (21 months), ECF No. 202 (27 months), ECF No. 234 (60 months), ECF No. 249 (12 months and 1 day). Additionally, the need for deterrence counsels against compassionate release here. This offense, although by far the most serious of Ricks' prior offenses, was not her first conviction. PSR ¶¶ 47–57 (listing convictions for grand larceny and shoplifting). The Court was cognizant of her criminal history when it sentenced her as well as her role in the instant scheme

and continues to believe that the § 3553(a) sentencing factors support the sentence that Ricks received. Accordingly, the Court finds that the § 3553(a) sentencing factors do not support compassionate release.

## IV.   CONCLUSION

For the reasons stated above, Ricks' Recommendation Motion, ECF No. 253, is DENIED as moot. Ricks' Motion for Compassionate Release, ECF No. 255, is DENIED. The Clerk is DIRECTED to send a copy of this Order to all counsel of record, to Ricks at her address of record, and to the Bureau of Prisons.

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Newport News, Virginia
Date: June 30, 2025